B 106—Summons with notice, blank court, personal or substituted service. 4-94

© 1993 JULIUS BLUMBERG, Inc.
PUBLISHER, NYC 10013

**2007-4990**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

CARL GORDON and MONICA GORDON,

Plaintiff(s)

against

PERDUE TRANSPORTATION, INC.,

Defendant(s)

Index No.
Date purchased

Plaintiff(s) designate(s)
  Orange
County as the place of trial.

The basis of the venue is
Plaintiff's Residence

**Summons**
with Notice

Plaintiff(s) reside(s) at
379 Greeves Road
New Hampton, NY  10958
County of
Orange

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, Goshen, NY
       June 4, 2007

Defendant's address:
PERDUE TRANSPORTATION, INC.
Old Ocean City Road
P.O. Box 1537
Salisbury, MD  21802

JAMES J. CUPERO, PLLC

Attorney(s) for Plaintiff
By:  James J. Cupero
Office and Post Office Address

50 N. Church St., Suite 201
Goshen, New York 10924

Notice: The nature of this action is damages for personal injuries and loss of services

The relief sought is damages for personal injuries and loss of services in a sum exceeding jurisdictional limits of all courts of lesser jurisdiction

ORANGE COUNTY CLERK
FILED
2007 JUL -6 P 3:12

Upon your failure to appear, judgment will be taken against you by default for the relief xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx in a sum of money to be determined by the court together with the costs in this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------X
CARL GORDON and MONICA GORDON,                    **VERIFIED COMPLAINT**

          Plaintiffs,

  -against-                                        Index No.

PERDUE TRANSPORTATION, INC.,
                                                  2007-4990
          Defendant.
---------------------------------------------------------------X

      Plaintiffs, CARL GORDON and MONICA GORDON, by their attorney, JAMES J. CUPERO, PLLC, as and for their Verified Complaint herein allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF CARL GORDON

    1.    At all times hereinafter mentioned the plaintiffs were and still are residents of the County of Orange in the State of New York.

    2.    At all times hereinafter mentioned the defendant was a corporation and/or legal business entity duly authorized to conduct business in the State of New York.

    3.    At all times hereinafter mentioned the defendant was a foreign cooperation authorized to do business in the State of New York.

    4.    At all times hereinafter mentioned the plaintiff, MONICA GORDON, owned a 2003 Jeep motor vehicle bearing registration number RXT900 in the State of New York for the year 2006.

    5.    At all times hereinafter mentioned the plaintiff, CARL GORDON, operated said

2003 Jeep motor vehicle bearing registration RXT900 in the State of New York for the year 2006 with the knowledge, consent and permission of its owner, MONICA GORDON.

6. At all times hereinafter mentioned the defendant, PERDUE TRANSPORTATION, INC., owned a tractor trailer bearing identification number 7472 585-F88 and vehicle identification number 2HSCESBR47C359397 in the State of Maryland for the year 2006.

7. At all times herein after mentioned said tractor trailer was being operated by an employee of the defendant with the consent, knowledge and permission of the defendant in the course of the employee's employment and in furtherance of the defendant's business.

8. At all times hereinafter mentioned the Cross Bronx Expressway in the County of the Bronx, State of New York, was and is a public roadway and was the location of the occurrence complained of herein.

9. That on December 26, 2006 at approximately 4:00 PM while the plaintiff, CARL GORDON, was operating the aforesaid 2003 Jeep in the left hand westbound lane of the Cross Bronx Expressway it was struck in the rear by the aforesaid tractor trailer owned by the defendant and operated by the defendant's employee.

10. As a consequence of the collision between the aforementioned motor vehicles, the plaintiff, CARL GORDON, sustained serious personal injury.

11. The defendant was negligent in failing to properly own, operate, maintain, manage and control the aforesaid tractor trailer; in operating said tractor trailer at an excessive rate of speed under the circumstances then and there prevailing; in failing to observe road conditions then and there prevailing; in failing to observe traffic conditions then and there prevailing; in

failing to give any signal or warning; in failing to slow down, stop or deviate said tractor trailer from its course before coming into contact with the plaintiff's vehicle; in striking plaintiff's motor vehicle in the rear; in violating the rules of the road; and in violating the statutes, ordinances, rules, and regulations in such cases made and provided.

12. Plaintiff, CARL GORDON, qualifies to sue for pain and suffering as defined in Sections 5101 and 5102 of the Insurance Law of the State of New York in that he sustained serious injury, to wit: permanent loss of the use of a body organ, member, function or system; permanent consequential limitation of the use of a body organ or member; significant limitation of the use of a body function or system; a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 days during the 180 days immediately following the accident; that as a result of said accident and the negligence of the defendant the plaintiff has suffered and will in the future suffer pain, distress and disability and has and will in the future incur expense for medical care and treatment and has been unable to perform his usual duties, and upon information and belief, will in the future be unable to perform his usual duties.

13. Article 16 of the CPLR is not applicable herein by virtue of CPLR Section 1602(6).

14. By reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MONICA GORDON

15. This plaintiff repeats, reiterates and realleges each and every allegation set forth in

paragraphs 1 through 13 as if set forth more fully at length herein.

16. At all times hereinafter mentioned the plaintiff, MONICA GORDON, was and is the lawfully wedded spouse of the plaintiff, CARL GORDON.

17. As a consequence of the foregoing the plaintiff, MONICA GORDON, has been deprived of the services in consortium of her husband, the plaintiff CARL GORDON.

18. As a consequence of the above this plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

WHEREFORE, plaintiffs, CARL GORDON AND MONICA GORDON, demand judgment against the defendant on the first and second causes of action in an amount which exceeds the jurisdictional limits of all courts of lesser jurisdiction together with the costs and disbursements of this action.

Dated: Goshen, New York
       June 4, 2007

JAMES J. CUPERO, PLLC

By: James J. Cupero, Esq.
Attorney for Plaintiffs
50 North Church Street – Suite 201
Goshen, New York 10924

STATE OF NEW YORK )
) ss.:
COUNTY OF ORANGE )

CARL GORDON, being duly sworn says:

I am one of the plaintiffs in the action herein; I have read the annexed COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon records and information contained in the file.

Sworn to before me this
___ day of June, 2007

_____
Notary Public

_____
CARL GORDON

KRISTIN EARL
Notary Public, State of New York
No. 01EA6117572
Qualified in Orange County
Commission Expires November 1, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------X

CARL GORDON and MONICA GORDON,

              Plaintiffs,

-against-

PERDUE TRANSPORTATION, INC.,                Index No.:

              Defendant.
------------------------------------------------------------X

## ATTORNEY'S CERTIFICATION

The undersigned, an attorney admitted to practice in the Courts of New York State, certifies that:

(1) Pursuant to 22 NYCRR 130-1.1, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous;

(2) This matter was not obtained through illegal conduct, and, if it was, neither nor any other person responsible for the illegal conduct are participating in the matter or sharing in any fee earned therefrom; and

(3) This matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].

**VERIFIED COMPLAINT**

Dated: Goshen, New York
       June 4, 2007

                                            JAMES J. CUPERO PLLC

                                            By: James J. Cupero, Esq.
                                            Attorney for Plaintiffs
                                            50 North Church Street – Suite 201
                                            Goshen, New York 10924
                                            (845) 294-1060