UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CARL GORDON and MONICA GORDON, | Docket No.: 07 CIV 6363 |
| Plaintiffs, | **ANSWER** |
| -against- | |
| PERDUE TRANSPORTATION, INC., | |
| Defendant. | |

---

Defendant, PERDUE TRANSPORTATION, INCORPORATED i/s/h/a PERDUE TRANSPORTATION, INC., by and through its attorneys, Goldberg Segalla LLP, as and for its Verified Answer to Plaintiffs' Verified Complaint, alleges as follows:

### AS AND FOR A RESPONSE TO A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF CARL GORDON

FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as "1" of Plaintiffs' Verified Complaint.

SECOND:  Denies the allegations contained in the paragraph designated as "2" of Plaintiffs' Verified Complaint.

THIRD:  Denies the allegations contained in the paragraph designated as "3" of Plaintiffs' Verified Complaint, except admits that defendant, PERDUE TRANSPORTATION, INCORPORATED i/s/h/a PERDUE TRANSPORTATION, INC., is a Maryland Corporation with its principal place of business in Salisbury, Maryland.

FOURTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated as "4" and "5" of Plaintiffs' Verified Complaint.

FIFTH:  Denies the allegations contained in the paragraph designated as "6" of Plaintiffs' Verified Complaint.

SIXTH:  Admits all allegations in the form alleged contained in the paragraph designated as "7" of Plaintiffs' Verified Complaint.

SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as "8" of Plaintiffs' Verified Complaint.

EIGHTH:  Denies the allegations contained in the paragraphs designated as "9," "10," "11," "12" and "14" of Plaintiffs' Verified Complaint.

NINTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as "13" of Plaintiffs' Verified Complaint.

**AS AND FOR A RESPONSE TO A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MONICA GORDON**

TENTH:  In answer to the paragraph designated as "15" of Plaintiffs' Verified Complaint, defendant repeats, reiterates and realleges paragraphs "FIRST" through "NINTH" of this Verified Answer with the same force and effect as if they were set forth fully and at length herein.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as "16" of Plaintiffs' Verified Complaint.

TWELFTH:  Denies the allegations contained in the paragraphs designated as "17" and "18" of Plaintiffs' Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

The damages allegedly sustained by plaintiff were caused or contributed to by plaintiff's own negligence or culpable conduct, and defendant is not liable to plaintiff or, alternatively, defendant's liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of the injuries and damages alleged in the Complaint, and on that account, the defendant is not liable to plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The defendant, pursuant to §§1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, alleges that if the plaintiff sustained any injuries or damages at the time and place alleged in the Complaint, such injuries and/or damages were the result of the culpable conduct of the plaintiff, and/or the other parties hereto or were the result of the plaintiff's assumption of risk. Should it be found, however, that defendant is liable to the plaintiff herein, any liability being specifically denied, then any damages are to be apportioned among the plaintiff, defendant and/or the other parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## FOURTH AFFIRMATIVE DEFENSE

The defendant asserts the protections of § 15-108 of the General Obligations Law.

## FIFTH AFFIRMATIVE DEFENSE

In the event that plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545 by those amounts which

have been or will with reasonable certainty replace or indemnify plaintiff in whole or in part for any past or future claimed medical expenses, or other such economic loss, as paid from any collateral source, such as, but not limited to, insurance, social security, worker's compensation or employee programs.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff did not sustain a "serious injury" as defined in the New York State Insurance Law.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to make use of available seatbelts.

**WHEREFORE**, defendant, PERDUE TRANSPORTATION, INCORPORATED i/s/h/a PERDUE TRANSPORTATION, INCORPORATED i/s/h PERDUE TRANSPORTATION, INC., demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
July 19, 2007

Yours, etc.,

_____
Michael D. Shalhoub, Esq. (MS - 2879)
Frank J. Ciano, Esq. (FC – 4981)
GOLDBERG SEGALLA LLP
**Attorneys for Defendant**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400
GS File No.: Pending

TO: James J. Cupero, Esq.
JAMES J. CUPERO, PLLC
**Attorneys for Plaintiffs**
50 North Church Street, Suite 201
Goshen, New York 10924
(845) 294-1060

82463.1

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2007, I electronically filed the foregoing **Answer** with the Clerk of the Southern District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

James J. Cupero, Esq.
JAMES J. CUPERO, PLLC
**Attorneys for Plaintiffs**
50 North Church Street, Suite 201
Goshen, New York 10924
(845) 294-1060

Dated: White Plains, New York
July 20, 2007

Yours, etc.,

_____
Michael D. Shalhoub, Esq. (MS - 2879)
Frank J. Ciano, Esq. (FC – 4981)
GOLDBERG SEGALLA LLP
**Attorneys for Defendant**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601-1717
(914) 798-5400
GS File No.: Pending

82463.1